UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-9289-GW(MRWx)** | Date | February 7, 2017 |

| | |
|---|---|
| Title | *Bank of America NA v. Johnny Beavers* |

Page 1 of 2

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

      Plaintiff Bank of America NA sued Defendant Johnny Beavers in the Los Angeles County Superior Court in an unlawful detainer action. *See generally* Notice of Removal ¶ 9, Docket No. 1. Defendant removed the case to this Court alleging diversity and federal question jurisdiction. *See id.* ¶¶ 3-7, 8-12. The burden of proving jurisdictional facts falls on the party invoking federal jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Because Defendant involved the Court's jurisdiction here, he must prove that jurisdiction is proper.

      As an initial matter, Defendant has not filed a copy of the state court complaint against him with his notice of removal, violating the procedural requirements set forth by the removal statute. *See* 28 U.S.C. § 1446(a). Moreover, based on the facts outlined in his notice of removal, the Court cannot find that he has carried his burden to establish the grounds for removal as discussed below.

      Defendant first claims complete diversity. *See* Notice of Removal ¶ 4. Defendant, however, also alleges that he is a citizen of California. *See id.* ¶ 5. As such, Defendant is a "local defendant," which precludes removal on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2); Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* ("Schwarzer") §§ 2:2320, 2:3117 (The Rutter Group 2016).

      Defendant next claims violations of his due process rights and, on that basis, alleges federal question jurisdiction. *See* Notice of Removal ¶ 8-12. Under the well-pleaded complaint rule, however, federal courts consider only what necessarily appears in plaintiff's statement of its claim at the time of removal, unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose. Schwarzer § 2:730 (citing *Taylor v. Anderson*, 234 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-9289-GW(MRWx)** | Date | February 7, 2017 |
| Title | *Bank of America NA v. Johnny Beavers* | Page | 2 of 2 |

74, 75-76 (1914); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 830 (2002)).  Here, Defendant claims that federal question exists because Plaintiff cannot establish a right to evict Defendant without proper notice.  *See* Notice of Removal ¶ 12 ("Defendant alleges a federal question exists as to this matter having originated from the denial of his due process rights and whether Plaintiff can establish any right to evict Defendant without appropriate notice.").  However, Plaintiff initiated an unlawful detainer action, relying solely on state law.  *See id.* ¶ 9; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").  Defendant therefore necessarily interposes either a counterclaim or a defense to Plaintiff's claim by asserting, as he does here, that a federal right is implicated – which is prima facie insufficient to establish federal question jurisdiction.  *See Holmes Group*, 535 U.S. at 831; *Vaden v. Discover Bank*, 556 U.S. 49, 66-67 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); Schwarzer § 2:730.  As such, Defendant cannot rely on federal question jurisdiction for removal.

The parties are currently scheduled to appear before this Court on February 16, 2017 for a status conference.  The Court orders Defendant to show cause in writing no later than February 13, 2017 why this action should not be remanded for: (1) failure to file with this Court a copy of the state court complaint against him and (2) lack of subject matter jurisdiction.  The Court will also entertain any argument the parties wish to present on those issues at the status conference.